Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Timothy J. Ohms
Assistant United States Attorneys
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMANTHA MARIE TAINEWASHER,<br><br>Defendant. | Case No. 1:21-CR-02029-SAB<br><br>GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis and Timothy J. Ohms, Assistant United States Attorneys, hereby submits the following response to the Defendant's Motion *in Limine* re Rule 404(b) Notice, ECF No. 54.

In order to convict the Defendant of involuntary manslaughter, as charged in the Indictment, the Government must prove that "the Defendant knew" that allowing her toddler, S.R., to be in an area the Defendant knew to contain blue pills the Defendant believed to consist of Fentanyl "was a threat to the life of S.R." or "knew of circumstances that would reasonably cause the Defendant to foresee that such conduct might be a threat to the life of S.R." *See* ECF No. 1. When distilled in simple terms, the Government must prove that the Defendant knew or had reasonable cause to know that it was dangerous to expose a child to Fentanyl, a deadly controlled substance.

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) - 1

      As support for the Defendant's knowledge, the Government filed a Rule 404(b) Notice alerting the Defendant that the Government intends to introduce evidence concerning an interaction between the Defendant and her social worker in March 2019. *See* ECF No. 48. As recounted, the Defendant had tested positive for methamphetamine, and the social worker, when confronting the Defendant, warned the Defendant that the Department of Children, Youth, and Families had "a concern for the baby" and that the Defendant "needed to have her vulnerable infant son in a safe and secure environment." *See id.* at 2. As relevant to this prosecution, the incident provided the Defendant notice that (1) it was dangerous to expose children to controlled substances and (2) she needed to keep S.R. in a safe environment. The Defendant failed to do so, and instead allowed S.R. to be inadequateley supervised in an area that she knew contained Fentanyl pills – perhaps the definition of an unsafe environment for a child.

      The Defendant argues that the above conversation should be excluded under Rule 404(b), asserting that (1) the testimony would not be relevant; (2) the prior conduct is dissimilar to the charged conduct; and (3) no evidence supports a finding that the Defendant committed the earlier act. *See* ECF No. 54 at 6–8. As the Defendant's arguments lack merit, the Court should permit the limited testimony as set forth in the Government's Notice.

**I.**    **Only the Defendant's positive urinalysis test is subject to Rule 404(b), as the social worker's warnings to the Defendant are not an "other crime, wrong, or act."**

      As an initial matter, the social worker's verbal warnings to the Defendant – linking the use of controlled substances to a "concern for the baby" and that the Defendant "needed to have her vulnerable infant son in a safe and secure environment" – are not subject to Rule 404(b). Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) - 2

Fed. R. Evid. 404(b)(1). The social worker's statements to the Defendant are not another "crime, wrong, or act" by the Defendant, and are instead simply a warning putting the Defendant on notice that certain conduct could be dangerous for her child. As such, the social worker's statements, standing alone, should not be analyzed under Rule 404(b).

### II. The Defendant's positive urinalysis test for methamphetamine should be admitted in a limited capacity as context explaining why the social worker was speaking to the Defendant about drug use.

The Defendant's positive urinalysis test for methamphetamine is admissible for the limited purpose of explaining the context underlying the above conversation between the Defendant and her social worker. The Government does not intend to argue that the earlier positive test for methamphetamine is proof of the Defendant's "character in order to show that on a particular occasion [the Defendant] acted in accordance with the character." Fed. R. Evid. 404(b)(1). Prior act evidence "may be admitted for 'the purpose of providing the context in which the charged crime occurred.'" *See United States v. Serang*, 156 F.3d 910, 915 (9th Cir. 1998). Similar to the use of evidence "inextricably intertwined" with the charged conduct, the positive methamphetamine test is admissible to provide the background context for why the social worker is talking to the Defendant about the dangers drug exposure may pose for children.

Further, the Defendant's positive methamphetamine test is not inadmissible hearsay. "Hearsay," in part, means a "statement" that "a party offers in evidence to prove the truth of the matter asserted in the statement." *See* Fed. R. Evid. 801(c). A "statement" means "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *See* Fed. R. Evid. 801(a). Critically, the positive urinalysis test is not a "statement" – it was instead something that happened. Further, even were the positive test a "statement," the Government does not intend to offer it for the "truth of the matter asserted." From the Government's perspective

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) - 3

whether the Defendant tested positive for methamphetamine or not is irrelevant – the incident's relevancy is that it triggered the above conversation between the Defendant and her social worker. As *United States v. Martin*, 984 F.2d 308 (9th Cir. 1993), concerned a defendant's right to confront the individual who tested the sample – and not a "hearsay" challenge as asserted by the Defendant – the case is irrelevant. *Martin* turned on the "unique[] important[ce]" of the positive test to the district court's determination – whether or not the defendant violated supervised release by consuming a controlled substance. *See id.* at 311. The Defendant's positive test is neither offered for the "truth of the matter asserted" nor of "unique[] important[ce]" to the jury's determination, and instead offered solely for the context underlying the conversation between the Defendant and her social worker.

Finally, sufficient evidence exists that the Defendant tested positive for methamphetamine in March 2019. When confronted about the positive test, the Defendant was "tearful" and then discussed how she was grieving a number of recent deaths in the family – clearly interpreted by the social worker as the Defendant providing an explanation for the relapse. The Defendant then discussed her immediate plans to voluntarily enter in-patient treatment in Spokane – an odd topic for someone who disagreed that she had in fact recently used methamphetamine. Given the Government's limited purpose underlying the proposed evidence, the Court can find that the minimal evidentiary threshold of "evidence [] sufficient to support a finding that the defendant committed the other act" is satisfied. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (describing the evidentiary burden as a "low threshold").

### III. The fact that the prior incident involved methamphetamine while the current charge involves Fentanyl is an immaterial distinction.

As stated in the Government's Notice, "[w]hen Rule 404(b) evidence is offered to prove knowledge . . . the 'similarity' requirement does not require that the prior bad act be precisely the same as the charged act, 'as long as the prior act was one which

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) - 4

would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence.'" *See* ECF No. 48 at 3 (quoting *United States v. Rodriguez*, 880 F.3d 1151, 1167 (9th Cir. 2018) (internal citation omitted)); *see also United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) ("Rule 404(b) is a rule of inclusion – not exclusion – which references at last three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge. Once it has been established that the evidence offered serves one of these purposes, the relevant Advisory Committee Notes makes it clear that the 'only' conditions justifying the exclusion of the evidence are those described in Rule 403 . . . ."). The Government, as noted above, offers the statements from the social worker to the Defendant to prove that the Defendant had been warned – and therefore had "knowledge" – that it was dangerous to allow children to be around controlled substances.

      The Ninth Circuit, in a related context, has found that Rule 404(b) evidence concerning one controlled substance can be offered to prove a material element concerning a different substance. In *United States v. Martinez*, 182 F.3d 1107 (9th Cir. 1999), the court discussed the relevance of the defendant's "prior conviction for heroin importation" to "his knowledge relating to this methamphetamine importation." *See id.* at 1112. The court found that "[a] prior conviction may be sufficiently probative of something material, even though dissimilar, when it makes the 'existence of the defendant's knowledge more probable than it would be without the evidence.'" *See id.* (internal citation omitted). The same is true here – although specific to methamphetamine, the Defendant was warned that exposing children to controlled substances could be dangerous. The "knowledge" that controlled substances are dangerous for children is material – whether the Defendant was specifically warned about methamphetamine or Fentanyl does not detract from that broader evidence of "knowledge."

//

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) - 5

### IV. The proposed testimony's probative value is not substantially outweighed by a danger of unfair prejudice.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The probative value of the proposed evidence is high – the Government must prove that the Defendant possessed the requisite "knowledge" beyond a reasonable doubt, and the above warning from her social worker stands as the sole specific evidence indicating that the Defendant knew that controlled substances were dangerous to children. While the Government can and intends to argue that a reasonable person should know that controlled substances are dangerous for toddlers, the Defendant's actual knowledge is nonetheless extremely probative of the above element.

Conversely, the prejudicial value is minimal – the jury will already hear evidence that (1) the Defendant was using drugs at and around the time of S.R.'s death, (2) a suspected methamphetamine pipe was observed on the Defendant's bed in a video taken in the days before S.R.'s death, and (3) S.R., in addition to Fentanyl, had methamphetamine in his blood. Unlike *United States v. Carpenter*, 923 F.3d 1172 (9th Cir. 2019) – as cited by the Defendant – the connection between the Defendant's methamphetamine use in March 2019 and the charged conduct is substantial as the incident put the Defendant on notice that exposing children to controlled substances could be dangerous. In *Carpenter*, the court determined that the defendant's drug use was of minimal relevance to the charged kidnapping. *See id.* at 1183. Here, by contrast, the charges flow from the Defendant's drug use, substantially reducing any prejudial impact that might ordinarily follow evidence concerning a defendant's prior drug use. As the social worker's warning came to pass – the Defendant allowed S.R. to be inaqequately supervised in an area that contained controlled substances and he died as a result – the probative value is not substantially outweighed by the risk of unfair prejudice.

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) - 6

## CONCLUSION

As described above, the Government intends to offer the social worker's warning about controlled substances and children into evidence to prove the Defendant's knowledge that the Fentanyl the Defendant knew was in the trailer was a threat to S.R. While the social worker's statement is not subject to Rule 404(b), the preceding positive methamphetamine urinalysis test is and, as that test prompted the conversation, is relevant and admissible for the limited purpose of providing context. As noted in the Government's Notice, the Government has no objection to a properly crafted limiting instruction. Accordingly, as the conversation between the Defendant and her social worker is probative of the Defendant's knowledge, the Court should deny the Defendant's Motion.

Dated:   April 6, 2022.

Vanessa R. Waldref
United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

*s/Timothy J. Ohms*
Timothy J. Ohms
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Richard A. Smith; Douglas E. McKinley, Jr.

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 404(B) - 8