Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Timothy J. Ohms
Assistant United States Attorneys
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMANTHA MARIE TAINEWASHER,<br><br>Defendant. | Case No. 1:21-CR-02029-SAB<br><br>GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 902(11) NOTICE |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis and Timothy J. Ohms, Assistant United States Attorneys, hereby submits the following response to the Defendant's Motion *in Limine* re Rule 902(11) Notice, ECF No. 55.

The Defendant constructs and then attacks a straw man – namely, that the Government intends to rely *solely* on Fed. R. Evid. 902(11) to admit into evidence certain communications from two Facebook accounts associated with the Defendant and Calvin Hunt. Not so – the Government relies upon Rule 902(11) only to negate the necessity for a Facebook records custodian to appear at trial and testify to the content of the two certifications: that the records produced by Facebook are accurate copies of the records maintained by Facebook concerning the two subject accounts. In order to fully authenticate the records, the Government intends to call a Federal

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 902(11)
NOTICE - 1

Bureau of Investigation Special Agent to testify that, based upon his review of the materials provided by Facebook, the records' "distinctive characteristics" – *i.e.*, subscriber information, associated photographs, contents of communications, etc. – provide *prima facie* evidence that the accounts are what the Government claims them to be: Facebook accounts associated, respectively, with the Defendant and Hunt. *See* Fed. R. Evid. 901(a), (b)(4).

### DISCUSSION

In order to successfully "authenticate" a given item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it to be." Fed. R. Evid. 901(a). "A party need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009) (internal citations and quotation marks omitted). Among other examples, such as "[t]estimony that an item is what it is claimed to be," an evidentiary item can be authenticated through circumstantial evidence such as "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item." *See* Fed. R. Evid. 901(a)(1), (4). For example, "a document or telephone conversation may be shown to have emanated from a particular person by virtue of its disclosing knowledge of facts known peculiarly to him." *See* Fed. R. Evid. 901 n. (4).

Under Rule 902(11), a record is self-authenticating where "[t]he original or a copy of a domestic record [] meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian." Fed. R. Evid. 902(11). Rule 803(6), concerning "records of a regularly conducted activity" or "business records," requires that "(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and] (C) making the record was a regular practice of that activity." Fed. R. Evid. 803(6).

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 902(11) NOTICE - 2

The Defendant relies upon *United States v. Browne*, 834 F.3d 403 (3d Cir. 2016), for the proposition that the contents of any communications made by the two accounts "are not business records and therefore are not self-authenticating pursuant to Rule 902(11)." ECF No. 55 at 2. In *Browne*, the United States attempted to introduce records of Facebook communications between Browne and various minors. *See Browne*, 834 F.3d at 406. Noting that "the relevance of the Facebook records hinges on the fact of authorship," the court found that "[t]o authenticate the messages, the Government was therefore required to introduce enough evidence such that the jury could reasonably find, by a preponderance of the evidence, that Browne and the victims authored the Facebook messages at issue." *See id.* at 410. As "Facebook does not purport to verify or rely on the substantive contents of the communications in the course of its business," "[a]t most, the records custodian employed by the social media platform can attest to the accuracy of only certain aspects of the communications exchanged over that platform, that is, confirmation that the depicted communications took place between certain Facebook accounts, on particular dates, or at particular times." *See id.* at 410–11. Although "technical information" such as "the timestamps on the Facebook chats" or "the fact that the chats took place between particular Facebook accounts" could be self-authenticated under Rule 902(11), the court held that the substance of the chat messages could not. *See id.* at 411.

*Browne* nonetheless concluded that the substance of the chat logs was authenticated through other means, to include the contents of the chats, *see id.* at 414 (noting that Browne interspersed the chats with "personal details" that were linked to Browne), and by demonstrating "the accuracy of the chat logs by obtaining them directly from Facebook and introducing a certificate attesting to their maintenance by the company's automated systems." *See id.*; *see also United States v. Hassan*, 742 F.3d 104, 132–33 (finding that, while social media records were authenticated under Rule 902(11), the United States nonetheless had to prove that the accounts were linked to the defendant).

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 902(11) NOTICE - 3

Here, the Government intends to authenticate the Facebook records as envisioned in *Browne* – by first utilizing the Facebook records custodians' certifications attesting to the accuracy of various technical information such as the time of various messages and the fact that the messages were sent from one account to another and second by introducing testimony linking, via "distinctive characteristics and the like," the two accounts to, respectively, the Defendant and Hunt. *See United States v. Barber*, 937 F.3d 965, 970 (7th Cir. 2019) (noting that the Seventh Circuit "has relied on evidence such as the presence of a nickname, date of birth, address, email address, and photos on someone's Facebook page as circumstantial evidence that a page might belong to that person"). Take, for example, the following Facebook messages from the Defendant's account to a third party's account:

> The Defendant: Thank you nana I'm sorry I didn't let you know I've been so lost without my sweet baby but I know he's watching over me.
>
> The Defendant: Baby had a high among of fentnayl [*sic*] in his system my ex had pills on him we are unsure how baby got ahold of them.
>
> The Defendant: Calvin.
>
> The Defendant: As far as I know no they are trying to charge me.
>
> The Defendant: I am just waiting for tribal to finish the investigation.
>
> The Defendant: No it's Calvin hunt.

Per the records provided by Facebook, the above messages were sent from the Defendant's account to the third party's account on May 28, 2020 – around two months after S.R.'s death – and, based on the context, clearly reference S.R.'s death. The substance, when compared to prior statements from the Defendant, support that the Facebook "Samantha Tainewasher" or "MyStrenghth Myheart MyHandsome" account is one and the same as the Defendant – the Defendant's toddler, S.R., had just passed away and the Defendant told law enforcement that Hunt was the last person to

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 902(11) NOTICE - 4

see S.R. alive. Utilizing the above communication, in tandem with other sources that link the accounts to the Defendant and Hunt, the Government anticipates authenticating that the two accounts are associated with, respectively, the Defendant and Hunt.

## CONCLUSION

The Government anticipates proceeding as outlined in *Browne* – utilizing the Rule 902(11) Facebook records certifications to authenticate "technical information," such as timestamps and the fact that specific communications were transmitted between accounts, while relying on other Rule 901 methods to authenticate that the two Facebook accounts are associated with, respectively, the Defendant and Hunt.

Accordingly, the Court should deny the Defendant's Motion to "prohibit introduction of business records by certification." Granting the Defendant's Motion would undermine the purpose of Rule 902(11) by forcing the Government to call a live-witness records custodian from Facebook to testify to exactly what is in the certifications – that

> The records provided are an exact copy of the records that were made and kept by the automated systems of Facebook in the course of regularly conducted activity as a regular practice of Facebook. The records were saved in electronic format after searching Facebook's automated systems in accordance with the above-specified legal process. The records were made at or near the time the information was transmitted by the Facebook user.

*See* ECF Nos. 31-1, 31-2. The further authentication described above would still be required – while the Facebook records custodian can testify that Facebook's records are accurate, the custodian is not in a position to testify that the records are associated with the person sitting in the courtroom. As the Government anticipates using

//
//
//

GOVERNMENT'S RESPONSE TO MOTION *IN LIMINE* RE RULE 902(11) NOTICE - 5

Rule 902(11) in the manner approved in *Browne*, the Defendant's Motion should be denied.

Dated: April 6, 2022.

    Vanessa R. Waldref
    United States Attorney

    *s/Michael J. Ellis*
    Michael J. Ellis
    Assistant United States Attorney

    *s/Timothy J. Ohms*
    Timothy J. Ohms
    Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Richard A. Smith; Douglas E. McKinley, Jr.

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney