**RICHARD A. SMITH, WSBA 15127**
**SMITH LAW FIRM**
314 No. Second Street
Yakima, WA  98901
Telephone:  509-457-5108


**DOUGLAS E. McKINLEY, JR., WSBA 20806**
Law Offices of Douglas E. McKinley, Jr.
8350 W Grandridge Blvd, Ste 200-431
Kennewick Washington 99336
Phone 509-628-0809
fax 509-392-8083


Attorneys for Defendant
Samantha Marie Tainewasher

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Stanley A. Bastian)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     vs.<br><br>SAMANTHA MARIE<br>TAINEWASHER,<br><br>                    Defendant. | NO.  1:21-CR-2029-SAB<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTIONS |

**TO:**         CLERK OF THE COURT, Eastern District of Washington;
**AND TO:**  MICHAEL J. ELLIS, Assistant United States Attorney; and
**AND TO:**  TIMOTHY J. OHMS, Assistant United States Attorney.

SAMANTHA TAINEWASHER by her attorneys, Richard A. Smith of ***Smith Law Firm*** and Douglas E. McKinley, Jr. of ***Law Office of Douglas E. McKinley, Jr.***, submits the attached Proposed Jury Instruction.

DATED this 31st day of May 2022.

Presented by:

*/s/ Richard A. Smith*
RICHARD A. SMITH, WSBA #15127
SMITH LAW FIRM

*/s/ Douglas E. McKinley, Jr.*
DOUGLAS E. McKINLEY, Jr.
WSBA #20806
Law Offices of Douglas E. McKinley, Jr.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on May 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system.

*/s/ Lugene Borba*
Lugene Borba
Paralegal

## I. **Model Jury Instructions**.

Samantha Tainewasher Requests the below general instructions, including the Ninth Circuit's Manual of Criminal Jury Instructions for the Ninth Circuit (2022 edition, last updated December 2021).[1] These instructions are proposed without modification or tailoring because they are generally applicable.

- 1.1 (Duty of Jury);
- 1.2 (The Charge - Presumption of Innocence);
- 1.3 (What is Evidence);
- 1.4 (What is Not Evidence);
- 1. (Direct and Circumstantial Evidence);
- 1.6 (Ruling on Objections);
- 1. (Credibility of Witnesses);
- 1.9 (No Transcripts Available to Jury);
- 1.10 (Taking Notes);
- 1.11 (Outline of Trial);
- 1.14 (Questions to Witnesses by Jurors During Trial -- Option 1)
- 1.16 (Bench Conferences and Recesses);
- 2.1 (Cautionary Instruction);
- 2.12 (Evidence for a Limited Purpose) [if applicable];
- 3.16 and 3.17 (Charts and Summaries) [if and as applicable]
- 4.8 (Definition of "Knowingly")
- 6.1 (Duties of Jury to Find Facts and Follow Law)
- 6.2 (Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof
- 6.3 (Defendant's Decision Not to Testify) [if applicable]

---

[1] Available at https://www.ce9.uscourts.gov/jury-instructions/model-criminal

6.4 (Defendant's Decision to Testify) [if applicable]

6.6 (What is Evidence)

6.7 (What is Not Evidence)

6.8 (Direct and Circumstantial Evidence)

6.9 (Credibility of Witnesses)

6.10 (Activities Not Charged)

6.19 (Duty to Deliberate)

6.20 (Consideration of Evidence -- Conduct of the Jury)

6.21 (Use of Notes)

6.23 (Verdict Form)

6.24 (Communication with Court

**II.** **Special Jury Instructions Submitted by Samantha Tainewasher.**

**JURY INSTRUCTION NO. _____**

(Manslaughter -- Involuntary)

The defendant is charged in the Indictment with involuntary manslaughter in violation of Section 1112 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant committed an act that might produce death;

2. The defendant acted with gross negligence, defined as wanton or reckless disregard for human life;

3. The defendant's act was the proximate cause of the death of the victim. A proximate cause is one that played a substantial part in bringing about the death so that the death was the direct result or a reasonably probable consequence of the defendant's act;

4. The killing was unlawful;

5. The defendant either knew that such an act was a threat to the lives of others or knew of circumstances that would reasonably cause the defendant to foresee that such an act might be a threat to the lives of others; and

6. The killing occurred at the Yakama Indian Reservation.

*Ninth Circuit Model Jury Instruction 16.4*

## JURY INSTRUCTION NO. _____

### (Reasonable Doubt)

To convict Samantha Tainewasher of the charge in the Indictment, the government must prove that charge beyond a reasonable doubt. The question becomes -- what is reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is a doubt that a reasonable person has after carefully weighing all the evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would not hesitate in relying upon it in making life's most important decisions.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt; however, proof beyond a reasonable doubt is akin to near certitude of a defendant's guilt. It goes well beyond the casual-type or ordinary judgments we make in our everyday lives.

If, after fair and impartial consideration of the evidence, you are not convinced to a near certitude as to Samantha Tainewasher's guilt with respect to the charge, then you must find Samantha Tainewasher not guilty of the charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are convinced to a near certitude as to Samantha Tainewasher's guilt with respect to the charge, then you should find her guilty of that charge.

Adapted and modified slightly from *Modern Federal Jury Instructions*, Chapter 4-2 (2021); *United States v. Velazquez*; 1 F.4th 1132, 1137-39 (9th Cir. 2021).

# JURY INSTRUCTION _____

### (Knowingly)

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Ninth Circuit Model Jury Instruction 4.8 (modified)*

**JURY INSTRUCTION NO. _____**

(Mere Presence)

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that Samantha Tainewasher committed the crime charged in the Indictment. Samantha Tainewasher must be an active participant and not merely a knowing spectator. Samantha Tainewasher's presence may be considered by the jury along with other evidence in the case. Similarly, mere association with another who committed an offense is insufficient to prove Samantha Tainewasher's guilt.

*Ninth Circuit Model Criminal Jury Instructions 5.12; United States v. Negrete-Gonzales,* 966 F.2d 1277, 1282 (9th Cir. 1992); *United States v. Lorenzo,* 534 F.3d 153,160-61 (2nd Cir. 2008); *United States v. Samaria*, 239 F.3d 228, 235 (2nd Cir. 2001).

**JURY INSTRUCTION NO. \_\_\_\_\_**

You have heard evidence that Samantha Tainewasher had a positive urinalysis test for methamphetamine on March 13, 2019. You may consider this evidence only for its bearing on the question whether Ms. Tainewasher knew that controlled substances could be dangerous for an infant and for no other purpose.

*9th Cir. Model Jury Instruction 3.3 (modified)*