**DOUGLAS E. McKINLEY, JR.**
Law Offices of Douglas E. McKinley, Jr.
8350 W Grandridge Blvd, Ste 200-431
Kennewick Washington 99336
Phone 509-628-0809
fax 509-392-8083

**RICHARD A. SMITH, WSBA 15127**
**SMITH LAW FIRM**
314 No. Second Street
Yakima, WA  98901
Telephone:  509-457-5108


Attorneys for Defendant
Samantha Marie Tainewasher

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Stanley A. Bastian)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>SAMANTHA MARIE<br>TAINEWASHER,<br>                              Defendant. | )  NO.  1:21-CR-2029-SAB<br>)<br>)<br>)  DEFENDANT'S MOTION UNDER<br>)  Fed. R. Crim. Pro. 29.<br>)<br>)<br>)<br>) |

**TO:**        CLERK OF THE COURT, Eastern District of Washington;
**AND TO:**   MICHAEL J. ELLIS, Assistant United States Attorney; and
**AND TO:**   TIMOTHY J. OHMS, Assistant United States Attorney.

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  999336
(509) 628-0809

During argument of the Defendant Samantha Marie Tainewasher's oral motion to dismiss pursuant to Fed. R. Crim. Pro. 29, the Court inquired if the government or the Defendant had located any additional authority supporting or refuting the government's contention that the Defendant's "act" of allowing her infant child to be in the presence of fentanyl was legally sufficient to establish "proximate cause" of the child's subsequent death.  Both of the parties answered in the negative. Defendant Samantha Marie Tainewasher now presents additional, relevant authority.

"A conviction for involuntary manslaughter requires, at a minimum, `gross negligence,' defined as a `wanton or reckless disregard for human life.'" *United States v. Benally*, 843 F.3d 350, 353 (9th Cir. 2016) (citation omitted). "[C]riminal recklessness generally requires that `a person disregards a risk of harm of which he is aware.'" *United States v. Rodriguez*, 880 F.3d 1151, 1159 (9th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Thus, the defendant `must both *be aware of facts* from which the inference could be drawn that a substantial risk of serious harm exists, and he must *also draw the inference*.'" *Id*. at 1160. (quoting same) (emphasis in original).

The evidence introduced at trial by the government fails on both counts, and instead invites a series of impermissible speculative leaps on the part of the jury.

First, the government's evidence plainly established that S.R. was exposed to the fentanyl that caused S.R.'s death no later than 11 am on March 29, 2020, while Samantha Tainewasher slept.  The government failed completely to demonstrate that Samantha Tainewasher was actually aware of the existence of any fentanyl in her trailer at that time.  At best, the government will ask the jury to draw a speculative conclusion that Samantha Tainewasher was aware of the existence of fentanyl in her

Page 2

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  999336
(509) 628-0809

trailer at that time because she was aware of fentanyl in her trailer at other times, and/or because she was aware that Calvin Hunt possessed fentanyl (which requires the jury to again speculate that Calvin Hunt possessed the fentanyl on his person, as opposed to in his truck, and to further speculate that Samantha Tainewasher knew that he possessed it on his person, as opposed to in his truck).

Second, assuming the jury speculates that Samantha Tainewasher knew there was fentanyl in her trailer, the government still has presented no evidence that Samantha Tainewasher actually held the required subjective belief that any such fentanyl was available to, and therefore posed a substantial risk of serious harm to, S.R. Instead, the government requires the jury to make two more speculative leaps. First, not only that Samantha Tainewasher was aware of the existence of fentanyl in the trailer, but that the fentanyl was also in a location in the trailer where S.R. could access it, and second, that Samantha Tainewasher also held the subjective belief that the fentanyl was located where S.R. could access it.

The government argues that it is entitled to favorable inferences in a Rule 29 motion, which is true, but the government is not entitled to inferences without any factual underpinning. A district court's order granting a judgment of acquittal pursuant to Fed. R. Crim. P. 29 is governed by *Jackson v. Virginia*, which requires the court to determine whether `after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (citation omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

*Nevils* prescribes the structure of the inquiry: "[f]irst, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution."

DEFENDANT'S MOTION UNDER Fed. R. Crim. Pro. 29.
Page 3

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  999336
(509) 628-0809

*Id*. at 1164. "Second, . . . the reviewing court must determine whether this evidence, so viewed, is adequate to allow `any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.'" *Id*. (alterations omitted) (quoting *Jackson*, 443 U.S. at 319). "[T]he government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or `rule out every hypothesis except that of guilt beyond a reasonable doubt.'" *Id*. (quoting *Jackson*, 443 U.S. at 326). That said, "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a `total failure of proof of a requisite element.'" *Id*. at 1167 (citations and alterations omitted) (quoting *Briceno v. Scribner*, 555 F.3d 1069, 1079 (9th Cir. 2009)). *US v. Katakis*, 800 F.3d 1017, 1023, (9th Cir. 2015).

The government argues that it escapes the requirement to show each of the required elements set forth in *Katakis* by the mere virtue of the government's theory of the case. In essence, the government's argument is that it doesn't matter how, when, or where S.R. accessed the fentanyl, because the mere "act" of allowing S.R. to be in an environment containing fentanyl is sufficient to show both the required awareness of facts giving rise to a danger posed by fentanyl, and the required subjective belief that such a danger exists.

The government then shows this alleged "act" (and required element of the government's case), not by direct evidence, but by inferences drawn from other "acts," including Samantha Tainewasher's admitted drug use from as far back as over a year prior, and then three months past, the death of S.R. The government thereby neatly excuses itself from having to show any actual, specific facts having any actual, specific connection to the actual fentanyl that was actually the cause of S.R.'s death, and instead urges the Court to instead conclude that all of the necessary facts required

DEFENDANT'S MOTION UNDER Fed. R. Crim. Pro. 29.
Page 4

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  999336
(509) 628-0809

to construct that causal chain can instead be "reasonably inferred" from the mere possibility that Samantha Tainewasher may have been aware that fentanyl was in her trailer at that time. The government thereby invites the Court to go far beyond the boundaries for reasoned inferences, and to ignore entirely the prohibition of speculation as the basis for a required element, established by *US v. Katakis*.

The government is required to show that Samantha Tainewasher was aware of specific facts from which the inference could be drawn that a substantial risk of serious harm existed, and that Samantha Tainewasher held that subjective belief.  The government has shown neither.  The case should be dismissed with prejudice.

DATED this 31st day of August 2022.

Presented by:

*/s/ Douglas E. McKinley, Jr.*
Douglas E. McKinley, Jr., WSBA #20806
Law Firm of Douglas E. McKinley, Jr.

DEFENDANT'S MOTION UNDER Fed. R. Crim. Pro. 29.
Page 5

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  999336
(509) 628-0809

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on August 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system.

/s/ Douglas E. McKinley, Jr.
Douglas E. McKinley, Jr., WSBA #20806

DEFENDANT'S MOTION UNDER Fed. R. Crim. Pro. 29.
Page 6

**Law Office of Douglas E. McKinley, Jr.**
8350 W. Grandridge Blvd. Suite 200-431
Kennewick, WA  999336
(509) 628-0809