FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 23, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>  v.<br><br>SAMANTHA MARIE TAINEWASHER;<br>and CALVIN JAMES HUNT,<br><br>           Defendants. | No. 1:21-CR-02029-SAB<br><br>**ORDER SETTING SENTENCING HEARING** |

      A jury trial was held from November 13, 2023 to November 16, 2023 in Yakima, Washington for the above-captioned matter. Defendant Tainewasher was present, out-of-custody, and represented by Richard A. Smith and Douglas E. McKinley, Jr. Defendant Hunt was present, in custody, and represented by Ulvar W. Klein. The United States was represented by Michael Ellis and Timothy Ohms.

      At the jury trial, Defendant Tainewasher was convicted of Counts 1 and 4 of the Superseding Indictment entered on November 9, 2022, which charged Defendant Tainewasher with Involuntary Manslaughter in violation of 18 U.S.C. §§ 1112, 1153 and Use of a Communications Facility in the Commission of a Drug Felony in violation of 21 U.S.C. §§ 843(b), (d)(1), 2, ECF Nos. 192 and 339. Defendant Hunt was convicted of Counts 1, 2, and 3 of the Superseding Indictment entered on November 9, 2022, which charged Defendant Hunt with Involuntary Manslaughter in violation of 18 U.S.C. §§ 1112, 1153, Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1),

**ORDER SETTING SENTENCING HEARING # 1**

(b)(1)(C), and Use of a Communications Facility in the Commission of a Drug Felony in violation of 21 U.S.C. §§ 843(b), (d)(1), 2, ECF Nos. 192 and 341.

Since that time, both Defendants filed respective Motions for Acquittal, ECF Nos. 346 and 347, which are currently set for oral argument on May 28, 2024 at 10:00 a.m. in Yakima, Washington. To provide an expeditious resolution of this matter, the Court sets the sentencing hearing for the same date and time. The scheduling of sentencing in no way indicates the Court's ultimate ruling on the pending motions to acquit.

Accordingly, **IT IS HEREBY ORDERED**:

1. Sentencing is **set** for **May 28, 2024** at **10:00 a.m.**, in **Yakima**, Washington.

2. The United States Probation Officer shall prepare a timely presentence investigation report ("PSIR") which will comply with the following schedule:

    (a) Not less than **35 days prior to the date set for sentencing**, the Probation Officer shall disclose the PSIR to counsel for Defendants and the United States. Within **14 days thereafter**, counsel shall communicate in writing to the probation office any objections they may have as to any factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Such communication may be oral initially but shall immediately be confirmed in writing to the Probation Officer and opposing counsel.

    Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSIR in sequential order, beginning with the lowest numbered paragraph.

    (b) After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the PSIR that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues and counsel shall make themselves available for that purpose.

    (c) At least **10 days prior to the date of the sentencing hearing**, the Probation Officer shall submit the PSIR to the sentencing judge. The PSIR shall be

**ORDER SETTING SENTENCING HEARING # 2**

accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for the Defendants and the United States, and that the addendum fairly states any remaining objections.

(d) Except with regard to any written objection made under sub-division (a), the PSIR and computations shall be accepted by the Court as accurate. Upon a timely objection by the Defendants, the United States bears the burden of proof on any fact that is necessary to establish the base offense level. The Court, however, for good cause shown, may allow a new objection to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendants, or the United States.

(e) Nothing in this Order requires the disclosure of any portions of the PSIR that are not disclosable under Rule 32 of the Federal Rules of Criminal Procedure.

(f) The PSIR shall be deemed to have been disclosed: (1) when a copy of the report is physically delivered; or (2) one day after the report's availability for inspection is orally communicated; or (3) three days after a copy of the report or notice of its availability is mailed to counsel, whichever date is earlier.

(g) **All written materials in support of sentencing recommendations** must be filed and served at least **15 days prior to the date set for sentencing**. The opposing party shall file and serve a response, if any, **within 7 days** of receipt of the motion.

//
//
//
//
//
//

**ORDER SETTING SENTENCING HEARING # 3**

3.      By and through this Order, the District Court Clerk is authorized to accept Defendants' payment in the amount of $100 per count toward Special Penalty Assessments.

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

**DATED** this 23rd day of April 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER SETTING SENTENCING HEARING # 4**